Joshua Collins *et al.*

*v.*

James Waters.

54  485
52a 606
54  485
163 627
62a 384
54  485
170 483

1.   Evidence—*declarations of a party to his attending physician.*   While the physician, who attended on the plaintiff in an action for assault and battery, after the injury, may testify to the statements of the plaintiff to him as to the part of his person which was hurt, his sufferings and symptoms, etc. yet to give in evidence the plaintiff's declarations as to how and with what instrument the injury was produced, so as to affect the defendant with having inflicted it in that particular way, is improper.

2.   Instructions—*should leave the issues of fact to be determined by the jury.*   In an action for an assault and battery, in which was filed a plea of *son assault demesne,* an instruction was held to be erroneous, because it withdrew from the jury the consideration of the issue on that plea.

3. In the same case, it was held improper to instruct the jury that the assault and battery were not justifiable, even though the plaintiff had previously spoken certain words. The act might have been justifiable, without reference to the fact whether the words were spoken, and whether it was or not should have been left to the jury.

4. SAME—*assuming that punitive damages should be given.* An instruction is erroneous which assumes that the case is of such character that smart money may be given, in assessing the damages.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion sufficiently states the case.

Mr. E. C. FELLOWS and Mr. W. T. HOPKINS, for the appellants.

Messrs. S. W. & T. B. HARRIS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action for an assault and battery. The defendants pleaded the general issue, and that the injuries were committed by them in necessary self defense.

On the trial the court, against the objection of the defendants, permitted the physician who attended upon the plaintiff after he was injured, to give in evidence to the jury, the statement to him of the plaintiff, how, and with what, an injury which the plaintiff had received on the side of the head, on the left temple, had been produced, to-wit: by being kicked with a boot.

The physician had properly testified to the statements of the plaintiff, as to the part of his person which was hurt, his sufferings and symptoms, etc. but to give in evidence the plaintiff's declaration as to how, and with what instrument the injury was produced, so as to affect the defendants with having inflicted it in that particular way, was improper. The evidence was contradictory as to the plaintiff having been kicked, particularly

after he was down upon the ground, and raised the question, whether the injury was not received by the plaintiff's fall on the frozen and icy ground ; which gave a material bearing to the improperly admitted testimony.

The court gave the following instructions to the jury, on the part of the plaintiff, which are complained of by the appellants :

" 2.  Under these issues the jury will inquire: 1.  Does the evidence show that either Jeremiah or Joshua Collins, or both of them, assaulted and beat Waters in a rude and angry manner ; and if, from the evidence, the jury believe that the defendants, or either of them, did, with force and violence, assault and beat the plaintiff, as by him charged in the declaration, then it will be their duty to find the defendants, or either of them, guilty, as the proof may warrant.

" 4.  In order to find Jeremiah and Joshua Collins jointly guilty of the assault on Waters, on Monday, the twenty-ninth of January, 1866, it is not necessary that Joshua Collins should have actually struck Waters, or kicked him; but if the jury believe, from the evidence, that Jeremiah then and there struck and kicked Waters, with force and violence, and that Joshua then and there stood by, aiding, advising or countenancing, or encouraging Jeremiah so to strike and kick Waters, he thereby became a principal in the transaction, and was equally guilty with Jeremiah, under the law.

" 7.  The jury are further instructed, that if they believe, from the evidence, that either Jeremiah Collins or Joshua Collins, or both of them together, made an assault, on the twenty-ninth of January, 1866, upon Waters, and then and there beat or kicked him with force and violence, such assault and battery was not justifiable, even though the jury believe, from the evidence, that Waters said to Jeremiah or Joshua Collins, on the Friday preceding, as they were passing plaintiff's shop, that he could whip them ; and if the jury even believe, from the evidence, that Waters used such words three days before he was assaulted, the same can not be taken even in mitigation of damages for such assault.

"12. The rule of damages for unlawful and willful injuries to the person, is:

"1. Compensation for the actual damage sustained, and

"2. The jury may give smart money to the plaintiff, not only to compensate him for the pain of mind, the grief, the humiliation to which he has been subjected, but also to punish the perpetrators of such injuries.

"And for the purpose of determining the question as to how much damages they shall give as smart money, over and above the actual damages sustained, the jury have a right, and it is their duty, to take into account the pecuniary ability of both the plaintiff and defendants, and assess such damages as, under the evidence, they may think proper, not exceeding, however, the sum of $10,000, the amount of damages laid in the declaration."

The second instruction withdrew from the jury the consideration of the issue on the defendants' second plea, of *son assault demesne.* There was evidence tending to establish that issue in favor of the defendants, and it should have been left with the jury to find, not only whether the defendants committed the trespass upon the plaintiff, but also whether they did so in necessary self defense. The instruction was wrong in not adding to it, the qualification that the acts were not done in necessary self defense.

The fourth instruction was liable to the same objection, as it virtually informed the jury that the defendants were guilty, if they committed the acts therein designated, without reference to whether they were done in self defense or not.

The seventh instruction was, perhaps, intended to be to the effect, that the words spoken on the preceding Friday would not, of themselves, justify the assault and battery; but it fails so to instruct, and seems, virtually, to tell the jury that it was not justifiable. It says the assault and battery was not justifiable, even though the plaintiff spoke the words on Friday. It might have been justifiable, even though the plaintiff did so

speak the words; and it should have been left to the jury to determine whether it was justifiable or not.

The twelfth instruction, too, is not free from objection. It commences as an abstract rule of law, but seems not to be carried out as such. The second branch of it, as to smart money, seems to be applied to this case. It speaks of the plaintiff and the defendants in such a manner as to lead the jury so to apply it, and in that view is faulty, in assuming that this was a case in which smart money might be given—in other words, that a wanton and willful assault and battery had been committed.

For these errors, the judgment is reversed and the cause remanded.

*Judgment reversed.*