C. E. BAGLEY *vs.* THOMAS MASON.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON. JJ.

*Evidence—Complaints of Suffering—Offer in Presence of Jury—Examina-
tion of Plaintiff's Person—Argument.*

It being competent to show that the defendant was intoxicated, as making
it probable that he committed the assault, it was competent to show the
degree of his intoxication by showing his boisterous and belligerent
conduct when approaching the place where the affair occurred.

The plaintiff was properly allowed to show his symptoms and condition
while suffering from another illness, five months later than the injury, in
connection with evidence that the illness was aggravated by the injury,
his right of recovery being correctly limited to the damages flowing
from the defendant's act.

Evidence was properly received of complaints of bodily suffering made by
the plaintiff to his attendant as well as to his physicians, and those
made to the latter were not rendered incompetent by the fact that the
physicians were consulted with a view to their becoming witnesses in
this very suit.

The question whether the witness believed the plaintiff to be in pain on a
certain occasion was properly excluded.

No exception lies to the refusal of the court to require an offer of evidence to be made privately. Moreover the offer complained of, i. e., to show that the defendant had left the State and passed under assumed names to avoid arrest in this case, proposed evidence which should have been admitted as tending to contradict the defendant's claim of innocence.

There having been no suggestion on the part of the defendant that the plaintiff's person be examined in the presence of the jury until after the evidence was closed, the court was justified in refusing to permit it.

A certain argument of plaintiff's counsel to the jury was not justified, but being addressed to a point which the jury found in the defendant's favor, and not being prejudicial to the defendant on other issues, the refusal of the court to meet it by proper instructions was not reversible error.

TRESPASS for assault and battery. Plea, the general issue. Trial by jury at the June Term, 1896, Caledonia County, *Ross*, C. J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff's evidence tended to show that on the 24th day of February, 1895, while he was lying upon a lounge at his boarding-place, the defendant, in a state of intoxication, struck him in the abdomen inflicting an injury which resulted in hernia; that he had suffered a general loss of health and had been unable to work.

Against the defendant's exception the plaintiff was permitted to show that in July, 1895, he was sick with a cold and a resulting fever, and that this illness aggravated the injury inflicted by the defendant; also that immediately after receiving the blow he complained to his attendant, not a physician, of being in great pain; and was permitted to show the complaints made by him to physicians whom he consulted and by whom he was treated, while contemplating this suit with the understanding on his and their part that they would be used as witnesses therein.

A witness for the plaintiff had testified that the plaintiff, though complaining of a cold just before the assault, did not then appear to be suffering greatly. On cross-examination defendant's counsel was refused permission to ask the witness if, at the time, he believed from the plaintiff's appearance that he was in pain. To this refusal the defendant excepted.

*Bates & May* for the defendant.

There was error in admitting evidence of the plaintiff's illness in July.

The plaintiff should not have been permitted to show acts of drunkenness on the part of the defendant not in the presence of the plaintiff. The fact that the defendant was intoxicated might be shown but not what he did elsewhere.

The defendant had a right to ask the plaintiff's witness whether he believed the plaintiff was suffering when the witness was helping him for a cold just before the assault. The defendant claimed that the plaintiff was suffering from that trouble and that he was not injured by the defendant. *Bruce* v. *Bishop*, 43 Vt. 161; *Stacy* v. *Portland Publishing Co.*, 68 Me. 279.

The physicians should not have been permitted to testify to complaints made to them as proposed witnesses. Such complaints to be admissible must have been made at a time when the conditions afford a presumption that the complaints were true. *Hadley* v. *Howe*, 46 Vt. 142; *In Re Hurlburt's Est.*, 68 Vt. 366; I Green. Ev. § 102; *Grand Rapids & Ind. R. Co.* v. *Huntley*, 38 Mich. 537.

The judgment should be reversed for the misconduct of plaintiff's counsel as shown by the exceptions. The question asked and withdrawn, the remark that the jury could draw the inference themselves, and the offer to show that the defendant had passed under assumed names to avoid service, were all flagrant breaches of professional propriety. *Scripps* v. *Reilly*, 35 Mich. 371: 24 Am. Rep. 575; *Walker* v. *Coleman*, 55 Kan. 381: 49 Am. St. 254; *Magoon* v. *B. & M. R. Co.*, 67 Vt. 177.

It was error to neglect to instruct the jury that the debts proved in the court of insolvency were presumed to be honest.

*W. P. Stafford* for the plaintiff.

MUNSON, J. The plaintiff claimed that the defendant

struck him in the abdomen while he was lying upon a lounge. The defendant denied the striking. The plaintiff introduced testimony to show that the defendant was intoxicated, and included therein evidence of what the defendant did before he came into the plaintiff's presence. It is insisted that this evidence should have been confined to a direct statement of the witness as to the defendant's condition. But we think the same reason which permits · proof of intoxication as bearing upon the probability of an assault will permit proof of the extent and effect of that intoxication to increase the degree of the probability. This cannot always be effectively presented without some descriptive testimony. We think it was proper to show the boisterous and belligerent conduct of the defendant just before the alleged assault and while he was approaching the place of it, and that in doing this it was permissible for the witness to state that the defendant collared him as he passed through the room.

The testimony of the physicians as to the plaintiff's condition in July when suffering from a cold and resulting fever, was properly received. It was competent as tending to show that the injury complained of was of such a nature and severity that it was aggravated by other indispositions. The situation of the case as affected by this testimony was properly brought to the attention of the jury. They were distinctly told that they were to compensate the plaintiff only for the suffering and loss occasioned by the defendant's act.

The testimony as to the complaints of bodily suffering made by the plaintiff to his physicians was properly received. Evidence of those made to an attendant not a physician, was also admissible. Green. Ev. § 102. Nor was it error to receive testimony as to such complaints made when the suit was in contemplation. *Kent* v. *Lincoln*, 32 Vt. 591. The question whether the witness believed the plaintiff was in pain was properly excluded. It might have

been proper to ask him whether the plaintiff appeared to be feigning. His opinion was proper only so far as it was necessarily included in the presentation as it appeared to him of something which could not be otherwise described. It was not a matter of belief, but of description.

It was proper for the plaintiff to show what daily wages he earned before and after the injury, and the time he was unable to work because of it. As the wages he received both before and after were independent of board, the amount he paid for board while unable to work was not necessary to the ascertainment of his damages; but it cannot, under correct instructions, have been used to the defendant's injury.

The defendant excepted to the action of the court in permitting plaintiff's counsel to make in the hearing of the jury an offer to show by a cross-examination of the defendant that he left the State early in May and afterwards remained out of it, passing under assumed names, for the purpose of avoiding arrest in this suit. A party is not entitled as of right to have an offer made privately to the court. Moreover, this offer embraced nothing inadmissible. The defendant having denied that he made the assault, the plaintiff might properly be permitted to discredit his testimony by showing a course of conduct inconsistent with his claim of innocence. It appears that the defendant then testified upon inquiry to his leaving the State and going to different places. In a previous cross-examination of one of defendant's witnesses, plaintiff's counsel asked him if the defendant stopped with him the night he ran away, and upon an exception being taken withdrew the question. The asking of the question may have been improper; but in view of the plaintiff's right to inquire into that matter, and of what subsequently came into the case, it cannot be considered an adequate ground for reversal.

There having been no suggestion on the part of the defendant that the plaintiff's person be examined in the

presence of the jury until after the evidence was closed, the court was perfectly justified in refusing to permit it at that time.

The defendant introduced a book, produced by the plaintiff on cross-examination, in which plaintiff had made daily charges of his lost time to the defendant. In re-examination plaintiff's counsel asked him if he made the charges with an idea that the defendant would probably have to pay them, and on objection being made withdrew the question, with the remark that he presumed the jury could draw the inference themselves. An exception was taken to this remark. If the remark was a suggestion to the jury to infer something from the question asked and abandoned, it was highly improper. But if it meant that the jury could draw the inference from the charges alone without explanation, it was objectionable, if at all, merely as an argument out of time. The latter seems to us to be the evident meaning.

No exemplary damages were allowed. The defendant, as bearing upon the claim for exemplary damages, showed the amount of the debts proved against his estate in insolvency; and the plaintiff then put in the list of his debts, from which it appeared that two of them were owing to his brothers. Plaintiff's counsel claimed in argument that there was a strong suspicion that these family debts were fraudulent, and the defendant excepted to the refusal of the court to give the jury any instruction upon this point. The argument was not justified, but it was addressed to evidence admitted solely upon a question which the jury found in favor of the defendant, and from a consideration of the whole case we are satisfied that it cannot have prejudiced him upon the issues found against him.

*Judgment affirmed.*