## SARAH BELLE CLARK'S CASE.

### Lincoln.    Opinion September 20, 1926.

*Compensation paid to an injured employee to the date of his death limits the time during which compensation may be recovered by his dependents but is not a bar to recovery.*

*The power of an Industrial Accident Commissioner to grant additional time to file answer is discretionary.   Denial is not subject to review, at all events unless abuse of discretion is shown.*

*Unless want of answer is waived material facts properly alleged in a petition and not disputed by answer are treated as admitted.*

When, without objection, a case goes to trial before a Commissioner upon the issue of causal connection between the accident and death, the want of answer specifying such defense is treated as waived.

In the instant case the finding of such causal connection is supported by the testimony of two physicians.   The decree in favor of the petitioner is based upon some evidence and must be affirmed.

On appeal. A petition for compensation by the dependent widow of R. T. Clark, who, while in the employ of the Waldoboro Garage Company on the twelfth day of February, 1924, received a personal injury by being kicked, knocked down and trampled upon by a horse, and it is alleged that his death which occurred on the twenty-fifth day of October, 1925, resulted from the injury. Compensation had been paid to the deceased from date of injury to date of his death, and a further compensation was decreed to petitioner according to the provisions of Section 12 of the Workmen's Compensation Act, and respondents appealed. Appeal dismissed with costs. Decree affirmed.

The case appears in the opinion.

*Percival T. Clark,* for petitioner.

*Adelbert L. Miles,* for respondents.

SITTING: PHILBROOK, DEASY, STURGIS, BASSETT, JJ. MORRILL, A. R. J.

DEASY, J. On February 12, 1924 the petitioner's husband, R. T. Clark, then an employee of the Waldoboro Garage Co: suffered an industrial accident. An agreement for compensation was approved March 1, 1924 and such compensation paid until the death of Mr. Clark on October 25, 1925.

From a decree in favor of the petitioner the defendants appeal.

The answer filed in this case sets up one defense only to wit: that compensation having been under an approved agreement, paid to the injured employee to the time of his death, "this employer's liability is now ended." A reading of Section 12 of the Compensation Act shows that this defense is ill-founded. Compensation for dependents under the precise circumstances of this case is provided for "but shall not continue more than three hundred weeks from the date of injury." Mr. Clark died before a third of this time had elapsed. Thus the only defense set up in the filed answer fails.

The defendant offered to file a further answer setting up another defense. This was objected to on the ground that the time prescribed by the statute for filing answer, had elapsed. The Commissioner refused to extend the time. The power of a Commissioner to grant additional time to file answers (Section 32) is discretionary Denial is not subject to review by this court, at all events, unless

abuse of discretion is shown. No such abuse appears in this case. Waiver by the petitioner was not proved, but on the other hand was negatived.

In the absence of an answer disputing material facts when properly alleged in or "disclosed by" (Section 32) the petition, such facts are treated as admitted. *McCollor's Case*, 122 Maine, 136. *Ross' Case*, 124 Maine, 108, *Brodin's Case*, 124 Maine, 162.

The point raised by the further answer which was offered too late to be filed is not before us. It is unnecessary to prolong this opinion by discussing it.

After an altercation concerning the proposed further answer the case went to trial before the Commissioner upon an issue not specified or mentioned in the answer filed, or in that rejected, to wit: Was Mr. Clark's disease aggravated or its progress accelerated or its fatal termination hastened by the accident? Failure of the answer to raise this point was thus impliedly, and was perhaps expressly waived.

The Commissioner's decree was on this issue in favor of the petitioner. The finding was supported by the opinion of two physicians. The decree was based upon some evidence.

*Appeal dismissed with costs.*
*Decree affirmed.*