IDA M. PRESCOTT, WIDOW OF
FRED A. PRESCOTT
*vs.*
OLD TOWN FURNITURE COMPANY
HOME INDEMNITY COMPANY

Penobscot.    Opinion, May 13, 1955.

*Abraham J. Stern,* for claimant.

*Clyde L. Wheeler,* for respondent.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

TAPLEY, J.    On appeal.    This matter is before the Law Court on an appeal by the Old Town Furniture Company and the Home Indemnity Company from a *pro forma* decree

of a Justice of the Superior Court confirming a decision of the Industrial Accident Commission. Fred A. Prescott was employed by the Old Town Furniture Company of Old Town as a general utility man. His employment with this company covered a period of twenty-five years. On March 13, 1954, Mr. Prescott who was then about 68 years of age, and in apparent good health, was directed by the owner of the Old Town Furniture Company to go to the freight shed and "to see about them mattresses and springs and boxes down there." His regular job was to go to the freight house every morning, check the freight shed and if there was any freight there he was to load it onto the truck and transport it to the store. He was noticed at the freight shed about 8:30 or 9:00 o'clock that morning by a railroad employee and at that time seemed to be in normal health. Another employee of the railroad who came on duty about 10:00 o'clock that morning testified that the Old Town Furniture Company truck was backed up to the freight shed; that one mattress was on a hand truck not far from the rear end of the furniture truck. There is further testimony by another employee of the railroad company who says that he noticed three mattresses leaning against the freight shed opposite the freight car door and that this particular car had been resealed by the same seal that was given to Mr. Prescott earlier in the morning. Mr. Prescott was discovered by Mr. Prouty, a railroad employee, in a small office in the freight shed and when found was lying on the floor in a very serious physical condition. He was taken to the hospital and in the matter of a few hours passed away.

The Industrial Accident Commission found as a fact that Fred A. Prescott received a personal injury by accident arising out of and in the course of his employment which resulted in his death. The appellants take the position that the evidence upon which the Commission based its decision is insufficient in law; that the findings were based

upon inadmissible testimony allowed over the objection of the appellants and, further, were based on inferences which were not supported by facts.

The principle involved governing the Law Court in arriving at a decision in a case of this sort is well founded. The Commission is made the trier of facts and its findings should not be disturbed unless they are founded in whole or in part upon incompetent or illegal evidence.

*Robitaille's Case,* 140 Me. 121, at page 125:

> "The Commission, by the Act, is made the trier of of facts and its findings thereof, whether for or against the claimant, are final; but in arriving at its conclusions it must be guided by legal principles. Failing in this it commits error of law and it is the function of the Court to correct such error. For this purpose the Court will examine the evidence set forth in the record. A finding for the moving party must be founded upon some competent evidence.****** But it must be wholly upon such evidence. If the finding is founded in whole or in part incompetent or illegal evidence error has been committed and the finding will not be sustained. ****** If there is any evidence in support of such finding it cannot be set aside. ****** The sufficiency of the evidence will not be passed upon, but it must be competent and have probative force."

*Albert's Case,* 142 Me. 33; *Lee E. J. Ross' Case,* 124 Me. 107.

The question involved is: Was there sufficient evidence of probative force to substantiate the Commissioner's finding that Mr. Prescott received a personal injury by accident arising out of and in the course of his employment and, if so, did this injury result in his death?

This case presents a good example of the determination of a question of fact on circumstantial evidence in so far as

the matter of injury by accident arising out of and in the course of employment is concerned. The chain of circumstances is complete without a link missing. The evidence shows that the deceased, Mr. Prescott, was employed by the Old Town Furniture Company and on this day of March 13, 1954 he was directed by his employer to go to the freight shed and if there was any merchandise there to bring it back to the store. He did as he was directed and found that there was a freight car on the siding adjacent to the unloading platform. He obtained a seal to reseal the car after breaking the original seal. There was a mattress on a hand truck placed not far from the rear end of the furniture truck which he had taken with him to the station. There were three other mattresses leaning against the freight shed directly opposite the freight car door and the car door had been resealed. All of these circumstances point conclusively to the fact that Mr. Prescott was doing work in the course of his employment when he was fatally stricken. There is competent evidence, exclusive of speculation, surmise or conjecture, to support the findings of fact in this aspect of the case.

*Mailman's Case,* 118 Me. 172, at page 177:

> "There must be some competent evidence. It may be 'slender.' It must be evidence, however, and not speculation, surmise, or conjecture. Von Ette's Case, 223 Mass., 60. Sponatski's Case, 220 Mass., 528. While no general rule can be established applicable to all cases, certain principles are clear: If there is direct testimony which, standing alone and uncontradicted, would justify the decree there is some evidence, notwithstanding its contradiction by other evidence of much greater weight.
>
> If the case must be proved wholly or in part circumstantially and there is a dispute as to what the circumstances are the determination of such dispute by the commissioner is final. It is for the trier of facts who sees and hears witnesses to

weigh their testimony and without appeal to determine their trustworthiness. But the inferences which the commissioner draws from proved or admitted circumstances must needs be weighed and tested by this court. Otherwise it cannot determine whether the decree is based on evidence or conjecture. In other words, the court will review the commissioner's reasoning but will not, in the absence of fraud, review his findings as to the credibility and weight of testimony."

Did Mr. Prescott on March 13, 1954 receive a personal injury by accident arising out of and in the course of his employment resulting in his death? Does the record disclose sufficient medical evidence to support the Commissioner's finding in this respect?

The evidence shows that Mr. Prescott died as a result of a cerebral hemorrhage and much medical testimony was devoted to this phase of the case. The record demonstrates sufficient competent evidence, both medically and legally, to support the medical findings of the Commissioner.

*Patrick* v. *J. B. Ham Company, et al.,* 119 Me. 510, at page 519:

"That Patrick was suffering from diseased arteries predisposing him to cerebral hemorrhage is of no consequence in the case. That he might have died, or would have died in his bed, of cerebral hemorrhage, in a year or a week is immaterial.

The question before the Commission was whether the work that he was doing on the afternoon of October 13th, 1919, caused the cerebral hemorrhage to then occur. If so, we think it was an accident arising out of and in the course of his employment.

This was a question of fact. The Industrial Accident Commission through its chairman has decided this question of fact in favor of the claimant. The finding is, we believe, supported by rational and natural inferences from proved facts."

The appellants took exceptions to the admission of testimony concerning a freight car door and to the allowance of an answer to a hypothetical question.

A careful scrutiny and review of the record evinces the fact that there is sufficient competent evidence, exclusive of the testimony, to which objection was made, upon which the Commissioner could have based his findings. *Larrabee's Case,* 120 Me. 242, at page 244:

> "we do not think in this class of cases it is to be presumed that prejudice resulted from the receipt of inadmissible testimony, if there is sufficient competent evidence in the case on which his findings may rest."

In *Lee E. J. Ross' Case,* 124 Me. 107, at page 110, the court said:

> "That hearsay was improperly allowed into the record is not overlooked, but it did not come essentially into the finding and the decree, so reversible error was not done."

Larson's Workmen's Compensation Law, Vol. 2, Page 288, Sec. 79.10:

> "True, there is much talk of admissibility in compensation cases, but close examination will usually reveal that the underlying issue is the extent to which the 'inadmissible' evidence figured in the production of the commission's decision. Probably the only way in which a mistake on admissibility as such could amount to reversible error would be by the exclusion of admissible evidence, rather than by the admission of incompetent evidence."

*Larrabee's Case,* 120 Me. 242.

The exceptions have no force in disturbing the findings of the Commissioner.

There is no reversible error in this case.

*Appeal dismissed.*

*Decree affirmed.*

*Allowance of $250 ordered to petitioner for expenses of appeal.*