WILMA NEWELL
*vs.*
NORTH ANSON REEL CO. AND/OR LIBERTY MUTUAL
INSURANCE CO.

Somerset.   Opinion, November 3, 1965.

462

*Walter R. Harwood,* for Plaintiff.

*Clement F. Richardson,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, MARDEN, DUFRESNE, JJ. RUDMAN, J., did not sit.

MARDEN, J. On appeal from *pro forma* decree of the Superior Court dismissing petition for industrial accident compensation, which decree involved both a finding on disputed facts and issues of pleading.

Plaintiff seeks compensation by petition dated January 5, 1965 alleging injury within the terms of the statute.

The defendants seasonably filed the following answer, caption omitted:

· "Answer of the employer by the Insurance Carrier to the petition dated January 5, 1965 and received January 19, 1965.

"All the allegations of the employee's petition are denied.

"Wherefore: The petition should be dismissed.

"Dated: January 20, 1965.

> NORTH ANSON REEL COMPANY
>> Employer
>
> LIBERTY MUTUAL INSURANCE COMPANY
>> Insurance Carrier
>
> BY: Robinson Richardson and Leddy
> ROBINSON RICHARDSON AND LEDDY"

To this answer, petitioner filed a motion that the answer be quashed, that the petition for award of compensation be taken as confessed and that the petitioner be allowed to proceed ex parte upon the ground that no valid answer to the petition had been filed, that the defense was not specifically stated in the answer, and that the answer constituted "sham and false pleading."

The claim of invalidity of the answer is founded upon the contention (1) that if the answer be considered as having been prepared and filed by the Liberty Mutual Insurance Company, such preparation and filing by either employee or attorney-in-fact constituted the unauthorized practice of law and as such the answer was a nullity; (2) that the signatory "Robinson Richardson and Leddy" can be taken only as agent or attorney-in-fact and it must follow that the answer is a nullity, and (3) that inasmuch as the answer does not state specifically the defense to the claim in compliance with the statute and the rules of the Industrial Accident Commission it is insufficient as a matter of law.

Upon hearing of the case upon its merits April 5, 1965 before a single commissioner, the commissioner overruled the motion, granted plaintiff "exception" to his ruling and subsequently upon the merits dismissed the petition for lack of proof. On the appeal, issues of pleading and merits are before us.

The validity of the insurance carrier's filing answer over the name of unidentified individuals is challenged by the claimant, as constituting the unauthorized practice of law. The court takes judicial notice that "Robinson Richardson and Leddy" is the firm name of attorneys at law, long identified with Industrial Accident Commission matters, and counsel from that office states in his brief:

> "That the Answer was filed by the Liberty Mutual Insurance Company in the name of Robinson, Richardson & Leddy, who have general consent from Robinson, Richardson & Leddy to file answers to routine Petitions filed with the Industrial Accident Commission, using forms of answers for specific petitions supplied them by Robinson, Richardson & Leddy."

Counsel offers in justification of this procedure that it is intended to minimize the administrative work of the law office, to indicate an appearance in the case by that office without other formal entry of appearance, to assure such office of receiving notice of hearings and to recognize that of the many petitions filed, a substantial number are disposed of without hearing and without other actual participation by legal counsel.

We pass no judgment upon the professional aspects of such practice as seems to delegate the lawyer's function to others. The answer, supplemented by judicial notice, is, on its face, an answer by recognized members of the bar of Maine and for which those members are responsible. Procedurally the answer is valid.

We are not called upon to determine whether the employer and insurance carrier are engaged in the unauthorized practice of law.

The issue on the content of the answer is not touched by our Rules of Civil Procedure. Rules 1 and 81 M.R.C.P.

Title 39 M.R.S.A. § 97 (Workmen's Compensation) provides that:

> "Within 15 days after notice of the filing of such petition all the other parties interested in opposition shall file an answer thereto * * *, which answer shall state specifically the contentions of the opponents with reference to the claim as disclosed by the petition. * * * If any party opposing such petition does not file an answer within the time limited, the hearing shall proceed upon the petition."

Rule 13 k. of the Industrial Accident Commission, promulgated under the authority of 39 M.R.S.A. § 92 provides that:

> "Answers must be filed in duplicate and shall state specifically the contentions of the opponents with reference to the claim as disclosed by the Petition * * *."

The declared intent of both the statute and the commission rule is that answers shall respond specifically to the plaintiffs claim whereby "a speedy, efficient and inexpensive disposition of all proceedings," (39 M.R.S.A. § 92) may be made. If the real issue in a petition for compensation be whether or not the incident causing injury is an "accident" within the meaning of the statute, there is no just reason for requiring the claimant to prove his status as an employee with a named employer on a stated date. If the real issue be extent of injury, it is unjust for the employee to be required to present proof of his status, his employer, the date of injury and proof of the accident. It is not unjust to require a defending insurance carrier to seasonably investigate the case and cause responsive pleading to be filed.

The perfunctory answer here of general denial transgresses both the statute and the commission's own rule. If the 15 day period, fixed by statute as the time within which

responsive pleading is to be filed, is too short, the same statute authorizes the Commission or Commissioner to grant further time for filing, — the request for which, we add, is to be made before the expiration of the period originally prescribed or as previously extended, not by virtue of, but consistently with, the practice under Rule 6 (b) M.R.C.P.

The purported answer was insufficient as a matter of law and the motion to take the complaint as confessed was in order.

It being here determined that the complaint should be taken as confessed for want of valid answer, upon the merits, *Ross' Case*, 124 Me. 107, 108, 126 A. 484; *Brodin's Case*, 124 Me. 162, 163, 126 A. 829; and *Clark's Case*, 125 Me. 408, 410, 134 A. 450, we have no occasion to review the finding of the Commissioner as to liability.

The case is remanded to the Commission for the purpose of making such award as the facts, so admitted, will support. *Michaud's Case*, 122 Me. 276, 278, 119 A. 627.

> *Appeal sustained.*
>
> *Case remanded for rehearing in accordance with this opinion.*
>
> *Ordered that an allowance of $350 to cover fees and expenses of counsel plus cost of the record be paid by the employer to the employee.*