**Martin E. BLACK**

v.

**ELECTRONIC & MISSILE FACILITIES, INC. and/or the Home Indemnity Co.**

Supreme Judicial Court of Maine.

March 10, 1969.

Albert H. Winchell, Jr., and William S. Cohen, Bangor, for plaintiff.

Clyde L. Wheeler, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal under the Workmen's Compensation Act by the employer and insurance carrier from the pro forma decree of the Superior Court following the decree of the Industrial Accident Commission.

The Commission found that the employee sustained a compensable injury on which, however, he was not entitled to disability payments as of the date of hearing. The appeal does not touch the sufficiency of the finding on the evidence received by the Commission. The appellants' concern lies in the quite different area of the unauthorized practice of law.

In its decree the Commission said:

"Another issue raised in this case is whether Clyde L. Wheeler, a salaried attorney and employee of Home Indemnity Company, is a proper person to represent the employer and the Home Indemnity Company, the insurance carrier in this case. It is stipulated that Clyde L. Wheeler * * * is a duly licensed attorney admitted to the practice of law in this State * * * [and] that Clyde L. Wheeler is a salaried employee of the Home Indemnity Company * * * The record discloses that Clyde L. Wheeler attempted to represent Electronic Missile Facilities, Inc. and the Home Indemnity Company before the Industrial Accident Commission at a hearing held * * * at Bangor, Maine. The Commission ruled at the time that Mr. Wheeler, a salaried employee for Home Indemnity Company, could not practice before the Commission at said particular hearing because it constituted an unlawful practice of law by the insurance carrier."

\* \* \* \* \* \*

"The Commission, therefore, rules that to allow Clyde L. Wheeler, an attorney-

employee of the Home Indemnity Co., to practice before this Commission on behalf of said employer and insurance carrier would constitute an unauthorized practice of law by said insurance carrier."

The points of appeal stated and argued by the appellants are whether the Commission erred at the hearing in refusing to allow Mr. Wheeler, attorney for the appellants, (1) to cross-examine the employee and his witness, Dr. Duffey, and (2) to present evidence in behalf of the appellants.

Mr. Wheeler, a member of our Bar, answered the employee's petition for award of compensation as attorney for the employer and the insurance carrier, and has carried forward their appeal to the Superior Court and to the Law Court.

The answer to this appeal is that the issue of whether the insurance carrier (or Mr. Wheeler) was engaged in the unauthorized practice of law was not within the scope of the jurisdiction of the Commission.

A member of the Bar in good standing has appeared before the Commission as the attorney for the employer and insurance carrier. He was, of course, then engaged in the practice of law.

The employee could hardly have had any interest in whether the attorney was a salaried employee of the insurance carrier. Obviously the employer was satisfied with the representation provided for it. In the absence of evidence to the contrary, we may fairly infer that the Commission raised the issue for the purpose of making this a test case.

Adequate and complete procedures are available for determining questions concerning the unauthorized practice of law and violations of professional ethics arising therefrom. The Legislature in P.L. 1965, c. 92, enacted a comprehensive plan in "An Act Providing Remedies for the Unauthorized Practice of Law." 4 M.R.S.A. §§ 807–811. We are armed with criminal penalties, injunctive relief, and investigatory powers in the Attorney General "in addition to and not in substitution for other available remedies and procedures" (§ 810) to meet the dangers arising from unauthorized practice of law.

There is no need, in our view, for the Industrial Accident Commission to undertake the task of deciding what is or is not unauthorized practice of law, and in so doing to deprive parties before it of representation by an attorney of our Bar in good standing.

From the cases cited by the employee, whose interest in this issue at the hearing surely was minimal, it appears that a Bar Association or Bar Committee typically has been the complainant. It is understandable why this has been so and should be so. Decision upon the issues raised by a charge of unauthorized practice of law involving as here a member of the Bar, very likely would reach activities beyond the narrow limits of this workmen's compensation case or indeed this particular field of practice. See, for example, United Mine Workers of America, Dist. 12 v. Illinois State Bar Association, 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967); State Bar Association of Connecticut v. Connecticut Bank and Trust Company, 145 Conn. 222, 140 A.2d 863, 69 A.L.R.2d 394 (1958); Lowell Bar Association v. Loeb, 315 Mass. 176, 52 N.E.2d 27 (1943); Liberty Mutual Insurance Company v. Jones, 344 Mo. 932, 130 S.W.2d 945, 125 A.L.R. 1149 (1939) (defendant Jones and other defendants were all officers of Bar Committees of the State of Missouri); Rhode Island Bar Association v. Automobile Service Association, 55 R.I. 122, 179 A. 139, 100 A.L.R. 226 (1935); Hexter Title and Abstract Co. v. Grievance Committee, etc., 142 Tex. 506, 179 S.W.2d 946, 157 A.L.R. 268 (1944).

We point out that in Newell v. North Anson Reel Co., 161 Me. 461, 214 A.2d 97 (1965), we held that an answer signed in the name of a law firm by a layman bound the firm. We were not called upon

to determine whether the employer and insurance carrier were engaged in the practice of law.

We conclude that the employer and the insurance carrier were improperly deprived of an opportunity through counsel to appear and participate in the hearing before the Commission. The case must be heard again by the Commission.

The entry will be

Appeal sustained; ordered that an allowance of $350 to cover fees and expenses of counsel be paid by the employer to the employee.

MARDEN, J., did not sit.