L. Alfred Ohmen *vs.* Adams Brothers et al.

*Third Judicial District, Bridgeport, April Term, 1929.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

* Transferred from the First Judicial District.

Argued April 10th—decided July 10th, 1929.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*William A. Kelly,* with whom were *Raymond E. Hackett* and *John D. Walker,* and, on the brief, *John F. Addis,* for the appellee (plaintiff).

WHEELER, C. J.   The appeal is predicated upon the alleged error of the trial court in holding that the injury to the plaintiff arose out of and in the course of his employment with the defendants, Adams Brothers.   The General Assembly, in Chapter 307 of the Public Acts of 1927, in an amendment to the Compensation Act, re-enacted in substance the fundamental provision of this Act, that compensation can only be awarded for personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained.   We had in a series of decisions defined and explained the terms arising out of and in the course of one's employment in consonance with the definition of these terms in the States having the contractual form of Compensation Act.   Section 7 of this Chapter amended § 5388 of the General Statutes and incorporated in it this definition of these terms:  "The words 'arising out of and in the course of his employment,' as used in said chapter 284, shall mean an accidental injury happening to an employee or an occu-

pational disease of such employee originating while he shall have been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer. A personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality."

The first of these sentences purports to define both the arising in the course of the employment, and the arising out of the employment. If it stood alone we fear it would be necessary to hold that it at most defined the term arising in the course of the employment and did not even attempt a definition of arising out of the employment. To reach the legislative intent it is necessary to read the second sentence with the first and to construe both as defining these two terms, the first expressly and the second by necessary implication. The second of these sentences determines that a personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality. By fair implication it may be held to state that the injury which arises out of an employment is one which must be causally traceable to the employment, that is it arises out of it. The changes made by this amendment in the judicial definition and explanation of these terms which are most apparent are: Its limitation of compensation to accidental injuries or an occupational disease, and its exclusion from the benefit of the Compensation Act of any personal injury which may be causally traceable to the employment through weakened re-

sistance or lowered vitality and in specified classes of injuries excluded from compensation.

We have held that an injury to an employee is said to arise in the course of his employment, when it occurs at a place where he may reasonably be, and while he is fulfilling the duties of his employment, or engaged in doing something incidental to it, or something which he is permitted by the employer to do for their mutual convenience. *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320; *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368. In the statutory definition the injury is said to arise in the course of the employment when the injury happens to the employee, or an occupational disease originates, while he shall have been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or elsewhere upon the employer's business or affairs by his express or implied direction. That can mean no more than that the employee must be fulfilling the duties of his employment or doing something, either incidental to it, or by the express or implied direction of his employer. The two definitions have a like meaning and instances arising under one or the other would have a like practical application, except in instances falling within these limitations and exclusions contained in the amendment.

We have also held: "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is required to be performed. The injury is thus a natural or necessary consequence or incident of the employment or of the conditions under which it is carried on." *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 263, 108 Atl. 799. The statutory definition of an accidental injury or an occupational dis-

ease arising out of an employment is one which is causally traceable to the employment. Necessarily it must arise in the course of the employment and equally necessarily the employment includes risks incidental to it and to all of the conditions under which the employment must be performed.

We perceive no essential differences in meaning between the definitions of these terms as made by this court and the statutory definition except in the particulars specified. The agreement between the judicial and the legislative definition of these terms is of very considerable professional and public importance since this leaves applicable a large body of decision, makes unnecessary the recasting and developing of the law along these lines, and avoids the confusion which would follow a radical departure from the long accepted judicial concept of these terms.

The injury to the plaintiff was accidental. It did not occur through any of the causes which are specifically excluded from the benefits of the Compensation Act. If it originated while the plaintiff was engaged in the line of his duty in the business or affairs of his employer upon his premises, or elsewhere than upon his employer's premises while upon his business or affairs, it arose in the course of his employment. And if it so arose while the plaintiff was in the course of his employment on his way to his work, the injury then happening to him must be held to arise out of his employment. The question decisive of the liability of the defendant employer for compensation to this plaintiff is, was he at the time of his injury engaged in the line of his duty in the business or affairs of his employers?

While the plaintiff was proceeding from his home to vote by the permission of his employers he was serving his own purposes although doing this with his em-

ployers' express consent and after his day's pay had begun and could not recover compensation for an injury then suffered. As to whether he was in the course of his employment from the time he left the Village of Warren after voting, up to the time he reached the junction of the main highway with the branch road leading to his residence, we have no occasion to express an opinion upon. From the time he reached the main highway and was proceeding to his place of work he was in the course of his employment. It was then past the hour when his pay began. He was going by the direction of his employers to his work, in a customary conveyance of which they had knowledge and by a route which was the shortest route to the place of his work and one which it was reasonable for him to take. He was on the same highway which he would have taken had he gone directly from his home to his place of work. His contract of employment did not begin from the time he reached the place of his employment. The injury came within the statutory definition because it happened to the plaintiff while he was engaged in the line of his duty in the business of his employers outside the premises of his employers but within the hours of his employment and at a place where the employee had a right to be by the employers' direction. It came within our definition because it took place within the period of the employment, at a place where the employee might reasonably have been and while he was reasonably doing something incidental to it. If then the injury arose in the course of the employment did it arise out of it? The injury was the result of a risk incident to plaintiff's employment and was literally within the terms of his contract of employment.

While the general rule is undoubted that an employee injured upon a public highway while going to

and from work at a fixed place of employment is not entitled to compensation, we point out in *Whitney* v. *Hazardville Lead Works,* 105 Conn. 512, 136 Atl. 105, that the rule is subject to many exceptions. The instant case falls within the fourth of the named exceptions: "Where the employee is using the highway in doing something incidental to his employment, with the knowledge and approval of the employer, as in *Mason* v. *Alexandre,* 96 Conn. 343, 113 Atl. 925; *Corvi* v. *Stiles & Reynolds Brick Co.,* 103 Conn. 449, 453, 103 Atl. 674." To these may be added *Flanagan* v. *Webster & Webster,* 107 Conn. 502, 507, 142 Atl. 201. The risk of collision was incident to travel by automobile upon a public highway, therefore, since the plaintiff's injury occurred in the course of his employment, it met the statutory test of the definition of arising out of the employment because it was causally traceable to the employment. Or as our decisions have defined it, the injury was the result of a risk incident to a condition of the employment under which it was required to be performed.

The judgment of the Superior Court affirming the award and dismissing the appeal was fully justified.

There is no error.

In this opinion HAINES and HINMAN, Js., concurred; MALTBIE and BANKS, Js., dissented.