JULIA MULLIGAN *v.* MARY B. OAKES ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 5, 1941—decided January 9, 1942.

*Samuel Gordon,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

JENNINGS, J. The finding of the commissioner discloses the following facts: The plaintiff was cook and her husband butler and chauffeur in the family of their employer, Mrs. Oakes, hereinafter referred to as the defendant. As a part of the contract of employment, it was agreed that the plaintiff and her husband, Joseph, should have Thursday afternoon off each week. On the days off, Joseph was allowed to use the automobile owned by the defendant or the one owned by her daughter, but such permissive use was not part of the contract of employment. October 6, 1938, was the afternoon off for Julia and Joseph. Joseph used the automobile owned by the defendant's daughter and the plaintiff accompanied him. The defendant requested Joseph to deliver a package and mail some letters for her, which he did. He also made a number of calls on friends in the vicinity of Stamford and Norwalk. While driving back to the defendant's house in New Canaan about 8 o'clock in the evening, he was involved in an automobile accident, as a result of which the plaintiff was injured. On these facts the commissioner concluded that the plaintiff did not sustain an injury arising out of and in the course of her employment.

On appeal to the Superior Court this conclusion was sustained.

The record contains numerous motions and appeals but the assignments of error can be conveniently considered under two heads, first, should the finding have been corrected, and, second, does the finding support the conclusions? There was no error in refusing to correct the finding. The witnesses contradicted each other and themselves and there were no undisputed facts to be added which would affect the result.

The vital question is whether the facts found warrant the commissioner's conclusion that the claimant did not sustain an injury arising out of and in the course of her employment. "This was a conclusion drawn by the commissioner from the subordinate facts and the Superior Court could not find it to be erroneous in law, unless it was reached 'as a result of an incorrect application of some rule or principle of law to subordinate facts, or because of an inference illogically drawn from subordinate facts.'" *Drouin* v. *Chelsea Silk Co.*, 122 Conn. 129, 131, 187 Atl. 904.

"An injury to an employee is said to arise in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it." *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 308, 97 Atl. 320. The plaintiff's situation satisfies none of the requirements of this general definition. Furthermore, her injuries were incurred on the highway, while she was returning to her place of employment, and these are not ordinarily compensable. *DeRosa* v. *Levering & Garrigues Co.*, 111 Conn. 655, 658, 151 Atl. 246.

In order to come under the act, the injury must also arise out of the employment. This implies a

causal connection between the employment and the injury. *Larke* v. *Hancock Mutual Life Ins. Co.*, supra, 309; *Savage* v. *St. Aeden's Church*, 122 Conn. 343, 345, 189 Atl. 599.

The case of *Taylor* v. *M. A. Gammino Construction Co.*, 127 Conn. 528, 18 Atl. (2d) 400, relied on by the plaintiff, is clearly distinguishable. There the plaintiff, detained in his employment by an emergency until 3 o'clock in the morning, was injured while riding home in a truck of the employer which was kept on the job for general incidental use and which, on the night before, under similar circumstances, he had been given express permission to use; this was the only way he could get home at that hour and it was for the interest of the employer that he should use it; we held that the conclusion of the commissioner that the use of the truck was incidental to the employment was not unreasonable or illogical. Where an employee is granted a privilege to depart from the course of his employment in order to accomplish a purpose of his own, and injury results to him, he is not entitled to compensation; and a mere desire on the part of the employer in granting the privilege to create a feeling of good will between himself and the employee does not constitute that "interest" which, in *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365, 368, 150 Atl. 110, we said "becomes of great, often controlling significance" in determining whether an injury suffered is compensable. In the case just cited, compensation was denied to the plaintiff who was incapacitated as the result of vaccination which was performed upon the employer's premises, by a doctor and nurses it employed, but which the plaintiff had an option either to accept or refuse; and in the absence of any finding that, in offering vaccination to its employees, the defendant was seeking to serve its own purposes, we held that it was

merely extending to them a personal privilege or a means of serving the general good of the community. See also *Vitas* v. *Grace Hospital Society,* 107 Conn. 512, 516, 141 Atl. 649; *Ohmen* v. *Adams Brothers,* 109 Conn. 378, 385, 146 Atl. 825; *Stakonis* v. *United Advertising Corporation,* 110 Conn. 384, 391, 148 Atl. 334.

Applying these rules to the facts of this case it is apparent that the refusal of the trial court to disturb the conclusion of the commissioner was justified. Even if the plaintiff could claim any benefit from the fact that Joseph, on the defendant's request, delivered a package and mailed some letters, this was too incidental a matter materially to change the nature of the trip they were making. *Card* v. *Bissing,* 114 Conn. 71, 74, 157 Atl. 644. Permissive use of the employer's automobile by Joseph on his day off for his own pleasure and recreation, which is all that the finding discloses, does not amount to transportation to work furnished the plaintiff by her employer as claimed by her. As the commissioner found: "The claimant was injured on her afternoon off. She was not directed by the employer to accompany her husband, and at the time of the accident was not doing anything incidental to her employment or the circumstances surrounding such employment." The rule of law governing the case was correctly applied and the inference logically drawn. No reason appears for interfering with the judgment rendered. *Drouin* v. *Chelsea Silk Co.,* supra; *Fiengo* v. *E. Vitale, Inc.,* 125 Conn. 559, 562, 7 Atl. (2d) 385.

There is no error.

In this opinion the other judges concurred.