PERRY DAVIS *v.* GOLDIE MOTORS, INC., ET AL.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 3—decided July 1, 1942.

*A. Storrs Campbell,* for the appellant (plaintiff).

*Frank E. Dully,* with whom, on the brief, was *Edward D. O'Brien,* for the appellees (defendants).

JENNINGS, J. The plaintiff, an employee of Goldie Motors, hereinafter referred to as the defendant, was injured while riding on the public highway in a vehicle owned by the defendant. The question is whether the accident arose out of and in the course of his employment. The plaintiff was a handy man in the automobile sales place of the defendant in East Hartford. Among other things it was his business to use a three-wheeled motorcycle in connection with delivering and

picking up automobiles at various places. On June 6, 1941, the plaintiff, using the three-wheeled motorcycle, delivered a car to the State Theater in Hartford, where it was to be raffled that night. The plaintiff finished his work about 7 o'clock in the evening except that he had to pick up the car at the State Theater later that same evening. As the plaintiff was leaving the shop to walk to his home in Hartford, one of his supervisors reminded him that the car had to be picked up and brought back and suggested that for the convenience of all the plaintiff take the motorcycle and report with it at the State Theater at 9 o'clock that night. The supervisor did not restrict the use of the motorcycle in any way. The claimant rode the motorcycle to Trumbull Street in Hartford where he had his supper and he then proceeded on the motorcycle over Chapel Street to go to the home of a friend, where he expected to remain until it was time to go to the State Theater and pick up the car in accordance with instructions. During this second trip he was injured as a result of a collision with an uninsured automobile. At the time of the accident the plaintiff was not on the route he would take if he were on his way direct to his home.

On these facts, which are not disputed by the plaintiff, the commissioner concluded that he sustained his injuries as the result of an accident which arose out of and in the course of his employment, and that at the time of the accident he was at a place where he might reasonably be and was reasonably fulfilling the duties of his employment. These conclusions must stand unless they were reached "as a result of an incorrect application of some rule or principle of law to subordinate facts, or because of an inference illogically drawn from subordinate facts." *Palumbo* v.

*Fuller Co.*, 99 Conn. 353, 357, 122 Atl. 63; *Drouin* v. *Chelsea Silk Co.*, 122 Conn. 129, 131, 187 Atl. 904.

"An injury to an employee is said to arise in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it. 'In the course of' points to the place and circumstances under which the accident takes place and the time when it occurred. . . . The term 'arising out of' in this Act points to the origin or cause of the injury. . . . An injury which is a natural and necessary incident or consequence of the employment, though not foreseen or expected, arises out of it." *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 308, 309, 97 Atl. 320; General Statutes, § 5223.

Applying these rules, it follows that injuries sustained on the highway are not ordinarily compensable. *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 517, 136 Atl. 105; *DeRosa* v. *Levering & Garrigues Co.,* 111 Conn. 655, 658, 151 Atl. 246; *Mulligan* v. *Oakes,* 128 Conn. 488, 490, 23 Atl. (2d) 870; note, 100 A. L. R. 1055. In *Ohmen* v. *Adams Bros.,* 109 Conn. 378, 146 Atl. 825, the employee was injured in an automobile accident while driving to his place of work from a town where he had gone from his home to vote, with the permission of his employer, after the hour when his pay began, and on the same highway which he would have taken had he gone directly from his home to his place of work. While recovery was allowed because the plaintiff had reached that highway and was proceeding to his employer's premises, the court said (p. 385): "While the plaintiff was proceeding from his home to vote by permission of his employers he was serving his own purposes although doing this with his

employers' express consent and after his day's pay had begun and could not recover compensation for an injury then suffered." In the *Mulligan* case, supra, the plaintiff was a cook and her husband a butler and chauffeur of the defendant employer. On their days off, the husband was allowed to use the defendant's automobile, or the one owned by her daughter, but this permissive use was not a part of the contract of employment. The husband, accompanied by the plaintiff, took the daughter's car on an afternoon off, did some errands requested by the defendant, called on some friends and on the way home became involved in an accident in which the plaintiff was injured. It was held that the injury did not arise out of and in the course of employment.

In both of these cases the employees were in a stronger position than is the plaintiff in the case at bar. In the *Ohmen* case the day's pay had begun and the plaintiff had the express permission of his employer to vote on his way to work. In the *Mulligan* case the plaintiff had errands to do for the employer and was on her way home. This case also distinguishes *Taylor* v. *M. A. Gammino Construction Co.*, 127 Conn. 528, 18 Atl. (2d) 400, relied on by the plaintiff.

In the case at bar, the plaintiff had no further duties after 7 o'clock until he picked up the car at the theater later in the evening. The use of the motorcycle was given him as a matter of convenience and to save him the walk home and from there to the theater. If, as was suggested in argument, he had taken a trip to Savin Rock for his personal pleasure, it could hardly be claimed that an injury suffered on that trip arose out of and in the course of his employment. Although the deviation from his route was not so great, the deviation from the general

purpose of his employment was as complete when he decided to spend his time in a social call on a friend. In taking his course for the purpose indicated he was doing nothing incidental to his employment. His injury arose neither in the course of nor out of his employment. *Ohmen* v. *Adams Bros.*, supra; *Mulligan* v. *Oakes*, supra. See also *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368; *Reeves* v. *Dady Corporation*, 95 Conn. 627, 629, 113 Atl. 162; *Mason* v. *Alexandre*, 96 Conn. 343, 113 Atl. 925; *Vitas* v. *Grace Hospital Society*, 107 Conn. 512, 141 Atl. 649; *Howe* v. *Watkins Bros.*, 107 Conn. 640, 142 Atl. 69; *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365, 150 Atl. 110; *Page* v. *Household Fuel Corporation*, 8 Conn. Comp. Dec. I-271; *McNicol's Case*, 215 Mass. 497, 102 N. E. 697; *Inland Gas Corporation* v. *Frazier*, 246 Ky. 432, 55 S. W. (2d) 26; *Central Garage* v. *Industrial Commission*, 286 Ill. 291, 121 N. E. 587; 71 C. J. 678, § 426; 28 R. C. L. 803. The judgment of the trial court sustaining the appeal was correct.

The plaintiff stresses the importance of the "waiting period," citing cases like *Iliff* v. *Norwalk Tire & Rubber Co.*, 127 Conn. 248, 16 Atl. (2d) 481. The injury arose out of an act of the employee performed for his own benefit and the case thus falls rather in the class treated in *Reeves* v. *Dady Corporation*, supra, 631.

There is no error.

In this opinion MALTBIE, C. J., AVERY and DICKENSON, Js., concurred; ELLS, J., dissented.