## SAMUEL NARDINI
*vs.*
## CITY OF HARTFORD

Superior Court      Hartford County      File No. 70048

### MEMORANDUM FILED DECEMBER 7, 1943.

*Leon RisCassi,* of Hartford, for the Plaintiff.

*V. W. Dennis,* Corporation Counsel, and, *F. A. Murphy,* Assistant Corporation Counsel, for the Defendant.

KING, J. This is an appeal from the finding and award of the Compensation Commissioner for the First Congressional District, awarding compensation to the plaintiff for injuries sustained in a fall on the ice.

The reasons of appeal, as amended, are three in number. The first two allege, in effect, that the ultimate conclusions respectively included in paragraphs 7 and 8 of the finding are erroneous because inconsistent with, and unsupported by, the subordinate facts of the finding. The third reason of appeal (added by amendment) alleges, in effect, that the ultimate conclusion set forth in paragraph 8 of the finding is without support in the subordinate facts as found. No attack is made on the subordinate facts of the finding.

The gist of the appeal, therefore, is that the Commissioner erred in finding that the claimant was an employee of the defendant at the time in question.

The subordinate facts of the finding set forth, in more or

less detail, that the defendant, during the winter, maintained deposits, or stations, in various parts of the city, where it kept snow removal equipment, including tools; that it customarily advertised for men to report at these stations after a snowfall whereupon they would, if they appeared suitable, be hired by a representative of the defendant stationed at a particular deposit; that the claimant's regular employment was seasonal, and did not occupy his time in the winter, and that after each snowfall he had made a practice of reporting to a certain such station or deposit of the defendant for employment, and had customarily been employed, in snow removal work; and that on the day in question he did so report, but before he had been hired (either expressly or by implication), he sustained the injury for which he claimed compensation.

The Commissioner found that altho the claimant "had not actually been hired" (paragraph 7 of the finding), "at the time of the injury he was in the course of his employment" (paragraph 8 of the finding), and awarded compensation. The defendant claims that under the subordinate facts as found the employment had not begun, and, so, the injury was not compensable.

Since our Compensation Act is contractual in its nature, and annexes its provisions to each contract of employment (Gen. Stat. [1930] §5227, it could not apply if there were no contract of employment. *Sibley vs. State,* 89 Conn. 682, 684; 28 *R.C.L. Workmen's Compensation* §55, p. 760. On the other hand the fact that the actual work of snow removal had not begun is not controlling, as is apparent from the so-called "going-to-work" cases, such as *Swanson vs. Latham,* 92 Conn. 87, 90; *Whitney vs. Hazard Lead Works,* 105 *id.* 512, 517; and *Taylor vs. Gammino Construction Co.,* 127 *id.* 528, 530. The question is whether the injury arose "in the course of" the employment, and this question cannot be answered in the affirmative unless a contract of employment, express or implied, had been entered into. Whether or not the work had begun is unimportant. Whether or not the employment had begun is vital. (Gen. Stat. [1930] §5223.)

Here it is apparent from the finding that the claimant had entered the premises of the defendant to seek employment in snow removal. He expected his quest to be attended with success as it frequently had been in the past.

However, at the time of his injury, he had not been hired,

expressly or by implication, and had nothing more than a hope, or reasonable expectation, of being hired. He was no more an "employee" than would have been any other person who had entered an employment office to seek work and sustained an injury on the premises before being hired. (Gen. Stat. [1930] §5223.)

It follows that the conclusion in paragraph 8 of the finding and award to the effect that the claimant was injured "in the course of his employment" was erroneous and is not only totally unsupported by, but is irreconcilable with, the subordinate facts as found.

To state the matter in another way, an injury to be compensable must be sustained "within the period of....[the] employment." *Davis vs. Goldie Motors, Inc.*, 129 Conn. 240, 242. It could not be so sustained prior to the inception of the employment. If this claimant were to be held an employee of the defendant, then every other person who reported at that time and place would have to be held to have been such an employee. And any such prospective employee, as well as the plaintiff, after having entered the station, might have changed his mind about working and have gone away without ever having communicated with the defendant, or in any way having enabled the defendant to know that he had ever entertained the thought of seeking employment. No such employment records as are now required, under State and Federal law, could be kept under any such concept of the term "employment." *McDonald vs. City of New Haven*, 94 Conn. 403, 405.

Our Compensation Act should be liberally construed in furtherance of its beneficial objectives, but no permissible liberality of construction can allow to stand a finding of employment on the subordinate facts of this finding. These subordinate facts are not only not attacked, but seem free from any real dispute. There is, therefore, no occasion for any remand to the Commissioner. *Davis vs. Goldie Motors, Inc., supra.*

The appeal is sustained, the judgment of the Commissioner is set aside and the award vacated.