Rose A. Delgaizo *v.* Veeder-Root, Inc., et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued May 8—decided June 4, 1947

*Morton E. Cole,* with whom were *Milton Krevolin* and, on the brief, *Cyril Cole,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom were *James J. Shea* and, on the brief, *Daniel G. Campion,* for the appellees (defendants).

DICKENSON, J. General Statutes, Sup. 1945, § 952h, of the Workmen's Compensation Act contains the following provision in regard to employees who have been attended by physicians or surgeons furnished by the employer: "A medical report concerning such injured employee shall be furnished the employee or his attorney by the employer, at the request of the employee or his attorney." The plaintiff, who had been receiving compensation pursuant to a voluntary agreement under the act and medical and surgical advice from doctors furnished by her employer, made a motion to the compensation com-

missioner asking that he order the employer to furnish to her attorneys "a complete medical report of the Doctors who have treated the Claimant, or examined her, or have been consulted with, concerning the injuries sustained by the Claimant setting forth therein the injuries, diagnosis, treatment, x-ray findings, prognosis including estimated permanent total and partial disability if any, and stating the progress of the Claimant's condition with respect to said injuries." The defendants answered that they had filed a medical report, attaching the detailed medical report of a surgeon. The commissioner found the report to be a sufficient compliance with the statute and denied the motion.

The plaintiff appealed to the Superior Court. The court sustained the appeal and remanded the case to the commissioner with a direction to furnish a medical report in accordance with the court's memorandum, which contains the following statement: "What the statute does require is such a medical report as the ordinary doctor in charge of a case would furnish at the request of his patient concerning the diagnosis and prognosis with such medical history as is reasonably incident to his conclusions. It should quite obviously be a report as of the date the request is made, or as of the last professional contact of the physician with the patient. If consultants, specialists, x-rays or other special features are involved in the case the results would necessarily be reflected in the conclusions expressed." The plaintiff has appealed from this judgment, assigning error in the failure of the court to include in its direction to the commissioner an order requiring the defendants to furnish the plaintiff's attorney with copies of the medical report of each doctor including

x-ray findings, diagnosis, prognosis, treatment need-
ed and extent or percentage of permanent disability,
"as well as with a complete up-to-date report."

The primary purpose of § 952h is to see that the
injured employee has prompt and adequate medical
or surgical care. It provides that the employer shall
furnish this, and that in the event of his failure to do
so, the injured employee may obtain it at the expense
of the employer, and that the employee may at his
option refuse the services furnished by the employer
and secure these at his own expense. Where the
employer has in fact furnished the services and the
employee has availed himself of them, the doctors
are in effect his doctors, and he is entitled to know
from them his condition. The specific reference in
the statute to the effect that the report shall be fur-
nished to the employee "or his attorney," however,
indicates a further purpose. The only interest that
an attorney would ordinarily have in receiving such
reports would be in connection with his professional
duties in securing proper compensation for his cli-
ent, and the intent of the statute is that reasonable
information for this purpose should be furnished
him. But the statute refers to a medical report and
not to all of the medical data the employer may have
in his possession. Had that been the intent of the
legislature it would have so stated. In later sec-
tions of the act, extremely broad provision is made
for the protection of the employee's rights when
seeking compensation. *Nicotra* v. *Bigelow, Sanford
Carpet Co.*, 122 Conn. 353, 360, 189 A. 603. No for-
mal pleadings are required at hearings. The com-
missioner is not bound by common law or statutory
rules of evidence or procedure. He may make in-
quiry in the manner best calculated to do so to ascer-

tain the rights of the parties and to carry out the spirit of the act through oral testimony or written or printed records. General Statutes, § 5250. He may require the production of records and memoranda of all kinds. Cum. Sup. 1939, § 1329e. If the claimant prevails in a contested formal hearing he is entitled to payment for services rendered him by a competent physician or surgeon for examination, x-rays, medical tests and testimony. Sup. 1945, § 955h. The commissioner "is the adviser of all and the umpire between the disputants." *Powers v. Hotel Bond Co.*, 89 Conn. 143, 149, 93 A. 245.

The statement of the trial court as to the requirements of the provision in § 952h was substantially correct. The assumption that if "consultants, specialists, x-rays or other special features" were involved in the case the results would necessarily be reflected in the doctor's conclusion is subject to question, however. Presumably they would be so reflected but the employee or his attorney is entitled to see such of these as are reasonably necessary to show the basis of the conclusions so that he may, if he desires, have a doctor of his own give an opinion as to whether the facts support the conclusions.

In summary, the statute requires a medical report such as the doctor in charge of a case would ordinarily furnish his patient at his request including a diagnosis and prognosis with such medical history as is reasonably incident to his conclusions. It should be a report as of the last professional contact of the physician with the injured employee and should be furnished within a reasonable time after the request. If existing supplementary documents or plates are reasonably necessary to show the basis of the prognosis and to give a doctor to whom the

patient might go sufficient information to determine the employee's condition these should be furnished. Primarily, these are matters for the determination of the commissioner and it is only when he has abused this discretion that his order can be interfered with. See *Basney* v. *Sachs,* 132 Conn. 207, 209, 43 A.2d 449.

There is error in part, the judgment is set aside and the case is remanded with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.